# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY JOE HOLMES, | CASE NO. 1:09-cv-00245-AWI-GBC PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| A. K. SCRIBNER, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |
| _____/ | |

**I.    Screening Requirement**

Plaintiff Tommy Joe Holmes ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is the complaint, filed February 2, 2009. (Doc. 1.)[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and

---

[1] The Court notes that Plaintiff attached a motion for appointment of counsel in case 06-15984 to his complaint. The Court declines to consider a motion for appointment of counsel in an 2006 case in this action.

1

1  plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.     **Complaint Allegations**

Plaintiff is currently incarcerated at Pleasant Valley State Prison. The incidents alleged in the complaint occurred while he was housed at California State Prison, Corcoran. (Doc. 1, Comp., ¶ 4.) On March 26, 2004, Defendant Cortez received information from a confidential informant that Plaintiff was involved in a conspiracy to murder a prison official. (Id., ¶ 72.) On March 29, 2004, Plaintiff was assigned to administrative segregation after being implicated in a conspiracy to attempt to murder a prison official and traffic illegal drugs in the prison facility and determined to be a threat to the safety of the institution. (Id., ¶ 23, pp. 38, 46.) Defendant Cortez submitted a confidential information report which was provided to Plaintiff on April 12, 2004. (Id., ¶¶ 5, 30.) Defendant Banks authorized Plaintif's placement in administrative segregation. (Id., ¶ 6.)

On April 5, 2004, Plaintiff appeared before Defendant Lowden for a administrative segregation placement review hearing. (Id., ¶ 24.) On April 7, 2004, Plaintiff appeared before the institution classification committee ("ICC") for review of his placement in administrative

segregation and they extended his placement for ninety days pending an investigation. (Id., ¶ 25.) On April 12, 2004, Defendant Lowden conducted a review of Plaintiff's placement in administrative segregation for the charge of assault on a prison official. (Id., ¶ 31.) On April 13 and July 14, 2004, Plaintiff appeared before the ICC for review of his placement in administrative segregation and they extended his placement for ninety days pending an investigation. (Id., ¶¶ 32, 33.) The investigation was completed on August 17, 2004. (Id., ¶ 34.)

On November 5, 2004, Defendant Hill authored a fraudulent report and administrative segregation orders and stated that Plaintiff had been found guilty of the charges.[2] (Id., ¶¶ 9, 39, 41.) Plaintiff alleges that he was never charged or found guilty of a rule violation and was held in administrative segregation for a year without due process of law. (Id., ¶ 47.) Plaintiff also claims that the provisions of Title 15 of the California Code of Regulations and the California Administrative Code were violated. (Id., pp. 19-20.) Due to only being allowed out of his cell for three hours per day, which restricted his exercise, Plaintiff suffered from back pain. (Id., ¶¶ 54, 55.) Additionally, due to the lack of cleaning supplies he suffered from migraine headaches because of dust mites. (Id., ¶ 56.)

Plaintiff alleges Defendants Pyle, Cervantez, Garcia reviewed and denied Plaintiff's grievances. (Id., ¶¶ 7, 8, 10, 59.) Defendants Dill and Lowden were responsible for signing administrative placement orders and participating in ICC reviews. (Id., ¶¶ 11, 12.) Defendants Poulos, Sheppard-Brooks, and Stockmen were responsible for conducting ICC reviews. (Id., ¶¶ 13-15.) Defendant Scribner was responsible for supervision of personnel and is liable under the doctrine of supervisory liability. (Id., ¶¶ 16, 64.) Plaintiff claims that Defendants failed to hold a rule violation hearing and transferred him to another prison in retaliation for the false charge of attempting to murder a correctional officer. (Id., p. 24.) Additionally, Defendants knew that Defendants Banks and Garcia were capable of authorizing placement in administrative segregation based upon a false rule violation report. (Id., ¶ 64.) Plaintiff brings this action claiming violations

---

[2] It appears from the documents Plaintiff provided with his complaint that he was not charged in a rule violation hearing for the attempted murder of a prison guard, although he was identified as being directly involved. Plaintiff was charged and found guilty of a rule violation, dated October 11, 2003, for threatening staff and sentenced to a term in administrative segregation based upon both incidents. (Doc. 1, pp. 44, 54.)

3

of the Eighth and Fourteenth Amendments and is seeking unspecified injunctive and declaratory relief, compensatory and punitive damages. (Id., p. 30.)

For the reasons set forth below, Plaintiff has failed to state a cognizable claim. Plaintiff will be allowed one opportunity to cure the deficiencies and file an amended complaint as to his Eighth Amendment claim only.

### III. Discussion

#### A. First Amendment Retaliation

Plaintiff's allegation that he was retaliated against for being implicated in conspiring to murder a correctional officer and traffic illegal drugs within the prison fails to state a cognizable claim. A plaintiff may state a claim for a violation of his First Amendment rights due to retaliation under section 1983. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). However, the prisoner must have engaged in protected conduct. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005). There is no constitutional right under the First Amendment to conspire to commit a crime.

#### B. Eighth Amendment

Liability under section 1983 exists where a defendant "acting under the color of law" has deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000). To prove a violation of the Eighth Amendment the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted). Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmates health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk.." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994)). Officials may be aware of the risk because it is obvious. Thomas, 611 F.3d at 1152.

Plaintiff's claim that his placement in administrative segregation due to being found guilty of a rule violation and alleged involvement in a conspiracy to assault an officer do not state a cognizable claim under the Eighth Amendment. Being placed in administrative segregation does not by itself arise to being "deprived of something 'sufficiently serious'" nor does Plaintiff state

facts to show that Defendants were aware of any risk of harm to Plaintiff due to his placement in administrative segregation. Ponder, 611 F.3d at 1150.)

### C. Fourteenth Amendment

Plaintiff alleges that his due process rights have been violated in conjunction with his placement and retention in administrative segregation. The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480 (1995). A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484).

The Due Process Clause does not "create a liberty interest in freedom from administrative segregation." Toussaint v. McCarthy, 801 F.2d 1080, 1091 (9th Cir. 1985), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). Administrative segregation is the type of confinement that should be reasonably anticipated by inmates at some point in their incarceration. Id. (quoting Hewitt v. Helms, 459 U.S.460, 468 (1983)). The Ninth Circuit has concluded that prisoners have no liberty interest in remaining free from administrative segregation or solitary confinement. See May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997)

Additionally, there is no independent cause of action for a violation of Title 15 regulations. "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997), quoting Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996).

However, even if Plaintiff did have a liberty interest in being free from administrative segregation he has received all the process required under the Fourteenth Amendment. The decision to confine an inmate to administrative confinement only requires "some evidence" in support of the

1. decision. Toussaint, 801 F.2d at 1105.  When an inmate is confined to administrative segregation
2. due process requires that he be informed of the charges against him or the reason for his segregation,
3. an informal nonadversary hearing must be held within a reasonable time, and the inmate must be
4. allowed to present his views. Toussaint, 801 F.2d at 1100; see Wilkinson, 545 U.S. at 228-29. The
5. Due Process Clause does not require the inmate receive detailed written notice, representation by
6. counsel, an opportunity to present witnesses, a written decision detailing the reason the inmate was
7. placed in administrative segregation, or disclosure of the identity anyone who provided information
8. that lead to the placement in administrative segregation. Toussaint, 801 F.2d at 1100-01. Plaintiff's
9. complaint demonstrates that Plaintiff was placed in administrative segregation after being found
10. guilty of a rule violation for threatening a prison official. (Doc. 1, p. 46.) He received notice that
11. there were additional allegations against him of conspiring to murder a prison guard and traffic
12. illegal drugs in the facility and he participated in multiple hearings that were held. (See Doc. 1,
13. Exhs. A, B, C, D, E, G. H, and I.) Plaintiff has failed to state a cognizable claim for a violation of
14. due process.

### D. Additional Claims

16. To the extent that Plaintiff attempts to bring claims based upon his transfer to a different
17. prison, false reports filed by correctional officers, or the processing of prison grievances, he has
18. failed to state a claim. Plaintiff does not have a right under the Eighth Amendment, or under any
19. other constitutional amendment, to be housed at a particular prison. Olim v. Wakinekona, 461 U.S.
20. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Therefore the transfer of Plaintiff
21. to another prison does not state a cognizable claim.

22. The Due Process Clause itself does not contain any language that grants a broad right to be
23. free from false accusations, but guarantees certain procedural protections to defend against false
24. accusations. Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986). However, "prison disciplinary
25. proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in
26. such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

27. Additionally, while a prisoner has a right to meaningful access to the court which extends
28. to established grievance procedures,  Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995), there is

no liberty interest in a prison grievance procedure as it is a procedural right only, Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

**IV.     Conclusion and Order**

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.     Plaintiff's complaint, filed February 9, 2009, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint alleging only Eighth Amendment claims; and

///

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:     November 25, 2010

UNITED STATES MAGISTRATE JUDGE