# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY JOE HOLMES, | CASE NO. 1:09-cv-00245-AWI-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| A.K. SCRIBNER, et al., | |
| Defendants. | Doc. 22 |
| / | OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations**

**I. Procedural History, Screening Requirement, and Standard**

On February 9, 2009, Plaintiff Tommy Joe Holmes ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On November 29, 2010, the Court issued a screening order, dismissing Plaintiff's complaint, with leave to amend. Doc. 10. On March 16, 2011, Plaintiff filed his first amended complaint. Doc. 15. On May 10, 2011, the Court issued a screening order, dismissing Plaintiff's first amended complaint, with leave to amend. Doc. 16. On August 31, 2011, Plaintiff filed his second amended complaint. Doc. 22.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally

1  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
2  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).
3  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
4  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
5  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

6       A complaint must contain "a short and plain statement of the claim showing that the pleader
7  is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
8  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
9  do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell*
10 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge
11 unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While
12 factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S. Ct. at 1949.

13      While prisoners proceeding pro se in civil rights actions are still entitled to have their
14 pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is
15 now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, Plaintiff must
16 demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v.*
17 *Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations
18 sufficient to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss v. U.S. Secret*
19 *Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting
20 this plausibility standard. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

21      Section 1983 provides a cause of action for the violation of constitutional or other federal
22 rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971
23 (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, Plaintiff must show a causal link
24 between the violation of his rights and an action or omission of the defendant. *Iqbal*,129 S. Ct. at
25 1949-50; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554,
26 570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may
27 only be held liable for misconduct directly attributed to him or her. *Iqbal*, 129 S. Ct. at 1949-50;
28 *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

## II. Allegations in Plaintiff's Second Amended Complaint

In Plaintiff's second amended complaint, he names A.K. Scribner, Warden; T. Banks, Correctional Lieutenant; A. Pyle, Correctional Counselor; R.R. Lowden, Correctional Captain; D. Sheppard-Brooks, Chief Deputy Warden; V. Garcia, Correctional Counselor; M.E. Poulos, Chairperson / Chief Deputy Warden; N. Dill, Correctional Captain; D.G. Stockman, Chairperson / Chief Deputy Warden; W.J. Hill, Correctional Lieutenant; and C. Cortez, who were employed at California State Prison at Corcoran ("CSP-Corcoran"). 2d Am. Compl. at 2-3, Doc. 22.

Plaintiff alleges that on March 29, 2004, CSP-Corcoran initiated an alleged investigation into the attempted alleged murder of Correctional Officers R. Guzman and G. Tamayo. *Id.* at 4. During the course of the investigation, Defendant T. Banks served Plaintiff with a CDC Form 114-D Administrative Segregation Unit Placement Notice. *Id.* The notice stated that Plaintiff was identified as an influential who conspired and organized the assault on Officers Guzman and Tamayo. *Id.* Based on this information, Defendant Banks deemed Plaintiff a threat to the safety and security of the institution. *Id.* at 4-5. Defendant Banks placed Plaintiff in administrative segregation, pending further investigation. *Id.* at 5. This placement affected Plaintiff's work group, privilege group, visiting status, and custody level. *Id.*

On April 8, 2004, Defendant V. Garcia served Plaintiff with an amended CDC Form 114-D Administrative Segregation Unit Placement Notice. *Id.* The notice stated the same as the prior notice, that Plaintiff was identified as an influential who conspired and organized the assault on Officers Guzman and Tamayo. *Id.* The notice added that Plaintiff was not currently charged with the above offense, but that information had been received indicating Plaintiff may have been involved in the aforementioned conspiracy to assault staff. *Id.* Defendants did not serve Plaintiff with a CDC Form 1030 confidential memorandum / form. *Id.* Between April 8, 2004 and November 10, 2004, Plaintiff appeared before Defendants A. Pyle, R.R. Lowden, D. Sheppard-Brooks, M.E. Poulos, N. Dill, D.G. Stockman, and W.J. Hill, who recommended transferring Plaintiff to an alternate institution due to the seriousness of Plaintiff's involvement, although Plaintiff did not receive a rules violation report ("RVR") or the confidential memorandum by Defendant C. Cortez, dated March 20, 2004. *Id.* Plaintiff alleges Defendants violated Plaintiff's Fourteenth Amendment rights under the Due Process

clause, for their failure to serve Plaintiff with the confidential memorandum, and for recommending Plaintiff's transfer to an alternate institution, although Plaintiff did not receive an RVR. *Id.*

For relief, Plaintiff seeks injunctive relief, compensatory damages of $120,000, and punitive damages of $240,000. *Id.* at 6.

### III. Legal Standard and Analysis for Plaintiff's Claims

### A. Violation of State Prison Rules and Regulations

Plaintiff alleges various violations of state prison rules and regulations. Those violations, without more, do not support any claims under § 1983. *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997). Only if the events complained of rise to the level of a federal statutory or constitutional violation may Plaintiff pursue them under § 1983. *Patel*, 648 F.3d at 971; *Jones*, 297 F.3d at 934. Thus, complaints that prison officials violated state regulations regarding the inmate appeals process or prison disciplinary proceedings, for example, will not support a claim for denial of due process under federal law.

### B. Fourteenth Amendment Due Process

Plaintiff alleges his placement in administrative segregation and his transfer to an alternate institution, without receiving an RVR or the confidential memorandum, violated his right to due process.

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). To state a claim, Plaintiff must first identify the interest at stake. *Austin*, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause or from state law. *Id.* The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, *id.* at 221-22, and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, *id.* at 222-23 (citing *Sandin v. Conner*, 515 U.S. 472, 481-84 (1995)). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Austin*, 545 U.S. at 221 (citing *Sandin*, 515 U.S. at 484); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

1        Plaintiff has not alleged any facts supporting the existence of a liberty interest in remaining
2   free from administrative segregation, which precludes him from bringing a due process claim.
3   *Wilkinson*, 545 U.S. at 221; *Sandin*, 515 U.S. at 484; *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir.
4   1997). Furthermore, Plaintiff has not shown that he was denied the minimal protections he was due
5   under federal law. *Wolff v. McDonnell*, 418 U.S. 539, 563-71, 94 S.Ct. 2963 (1974); *Walker v.
6   Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994), *abrogated on other grounds by Sandin*, 515 U.S. 472.

7        Moreover, Plaintiff's due process claim challenging his transfer to an alternate institution is
8   not cognizable because it is well established that prisoners have no constitutional right to
9   incarceration in a particular institution. *See Olim v. Wakinekona*, 461 U.S. 238, 244–48 (1983);
10  *Meachum v. Fano*, 427 U.S. 215, 224 (1976).

11       Plaintiff's due process claim fails because he has not identified the existence of a protected
12  liberty interest. Plaintiff's work group, privilege group, visiting status, custody level, and
13  incarceration at a particular prison do not implicate a protected interest, and the absence of an
14  identifiable interest precludes the finding of a viable due process claim. *Austin*, 545 U.S. at 221.

15       Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under
16  § 1983 based upon the violations of state rules and regulations and due process.

### IV. Conclusion and Recommendation

Plaintiff's second amended complaint fails to state any claims upon which relief may be granted. Plaintiff was previously notified of the deficiencies in his claims and granted leave to amend, but he was unable to cure the deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Based on the record in this case, the undersigned recommends that further leave to amend is not warranted.

Accordingly, pursuant to 28 U.S.C. §§ 1915A and 1915(e), the undersigned HEREBY RECOMMENDS that this action be DISMISSED, with prejudice, based on Plaintiff's failure to state any claims upon which relief may be granted under § 1983.

//
//
//

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 26, 2012

UNITED STATES MAGISTRATE JUDGE